| **Deutsche Bank v Williams** |
|:---:|
| 2026 NY Slip Op 30768(U) |
| February 27, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 502960/2012 |
| Judge: Cenceria P. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP1, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 27th day of February, 2026.

P R E S E N T:
HON. CENCERIA P EDWARDS,
                              Justice.
------------------------------------------------------------------------X

DEUTSCHE BANK

                              Plaintiff,

          -against-

YVETTE M WILLIAMS et al,

                              Defendant,
------------------------------------------------------------------------X

**Index No.**:   502960/2012
**Mot. Seq. No.**:   5
**Calendar Date**: 3/22/2023
**Calendar No.:**   20

**The following e-filed papers read herein**:                    **NYSCEF Nos.**:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and Affidavits (Affirmations)
Annexed _____          ___114-134_____
Opposing Affidavits (Affirmations)_____          ____136-146_____
Affidavits/ Affirmations in Reply _____          ____148-151_____

          Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property located at 420 Amber Street in Brooklyn (Block 4518, Lot 112), Plaintiff Deutsche Bank moves for default judgment and an order of reference.  Defendant Yvette Williams opposes.

### *Background Facts and Procedural History*

          Plaintiff commenced the instant foreclosure action on September 24, 2012.  All defendants defaulted in timely answering.

1 of 4

[* 1]

On August 26, 2015, Plaintiff moved for default judgment and an order of reference, among other relief. The motion appears to have been marked GSON ("granted settle order on notice") by the Honorable David Vaughn on default and without opposition two months later. It appears that a proposed order was then settled by Plaintiff but, for reasons unclear from the record, when Judge Vaughn signed it in March 2016 he struck all of the requested relief other than the proposed amendment of the caption. A new order was settled in 2017 but Judge Vaughn declined to sign it in January 2019 as more than sixty days had passed since he orally granted the motion in 2015, rendering the motion abandoned.

On July 2, 2019, Plaintiff move to amend the caption to add Loring Estates Homeowner's Association to the caption and to extend its time to complete service upon it. Defendant, having now appeared through counsel, opposed. The motion was withdrawn on July 31, 2019.

Shortly thereafter, Plaintiff filed another motion for the same relief. This time, Defendant opposed and cross-moved for dismissal of the action as abandoned and for the award of attorney's fees as the relief requested by Plaintiff was frivolous as the proposed additional defendant was not a necessary party. After Plaintiff opposed the cross-motion and Defendant replied, Plaintiff's motion was granted and Defendant's denied by order dated February 5, 2020.

The Instant Motion

On May 25, 2021, Plaintiff filed the instant motion for default judgment and an order of reference. Noting that all defendants had defaulted in answering the complaint, Plaintiff argued that it proved its prima facie case and should be granted the relief requested. In support, Plaintiff submitted the affidavit of Daniel Delpesche, a Vice President of Ocwen Loan Servicing. Proffering a variety of documents including copies of the note, mortgage, and financial printouts from Ocwen's systems, the witness attested that Defendant has been in default since October 1, 2011.

In opposition, Defendant asserted that Plaintiff failed to honor a trial modification agreement between her and it. She allegedly accepted its offer and made all three required payments (and two additional payments) but Plaintiff denied receipt of the third and fourth, thereby preventing her from getting a permanent modification. Defendant also argues that

Delpesche is not actually a "Vice President" of Ocwen, rather a lower-level employee who robosigned this affidavit. She further contends that the assignments of mortgage re "falsified" and "robo-signed 'forgeries'." Nor does she or her son know the "Does" who were allegedly served at their home. In light of the foregoing, Defendant argues that Plaintiff acted in bad faith in this action and should be monetarily sanctioned for violating GBL §349 and also forced to honor the terms of the modification.

Plaintiff counters that it has met its burden, demonstrating its prima facie case through the note, mortgage, and evidence of default. Nor, it suggests, should the relief improperly requested in the opposition be granted. Not only is Defendant relying solely on the affirmation of counsel rather than proffering an affidavit from someone with firsthand knowledge, she transferred her interest in the property to her son (Plaintiff argues) depriving her of standing to oppose this action. Plaintiff contends that her arguments also fail on the merits. It did not receive the third trial payment that was allegedly sent and no evidence has been proffered that it was timely sent. Nor would a permanent modification have issued to Defendant as she was no longer in title to the property by that time. Nor, Plaintiff claims, is there any evidence that documents were forged and/or robo-signed and any deficiencies with the assignments of mortgage are irrelevant as Defendant cannot raise a standing defense.

### *Analysis*

"On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's default in answering or appearing" (*US Bank v Deblinger*, 235 AD3d 1025, 1027 [2d Dept 2025]). It is substantially uncontroverted that Plaintiff did so. Defendant does not substantively challenge the evidence presented and her assertion that the Delpesche affidavit is robo-signed is mere speculation.

Defendant's arguments that she was wrongfully deprived of a loan modification are unavailing. She has not demonstrated that the trial payments were timely received by the servicer. Even if they were, a permanent modification was not guaranteed to issue thereafter and

[* 3]

Plaintiff accurately notes that she no longer owned the property which would have been an impediment to modification.

In light of the foregoing, it is

**ORDERED** that the Plaintiff's motion for default judgment and an order of reference (mot. seq. #5), is granted (see accompanying order).

**ENTER**:

_____

**Hon. Cenceria P. Edwards, J.S.C., CPA**